UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAY LAURENCE HOWES,<br><br>Defendant. | No. 2:13-cr-00044-JAM<br><br>**ORDER DENYING MOTION FOR REVOCATION OF THE DETENTION ORDER** |

I. FACTUAL AND PROCEDURAL BACKGROUND

Before this Court is Defendant Ray Howes' motion for revocation of the U.S. Magistrate's Detention Order. See ECF No. 69. Defendant Howes previously pled guilty to one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). See ECF No. 13. He was sentenced to 135 months in custody followed by 240 months of supervised release. See ECF No. 27. Defendant Howes' supervised release term started on September 1, 2022. On April 18, 2024, the probation officer filed a petition alleging that Defendant Howes violated conditions of his supervised release. See ECF No. 39.

1

Defendant Howes admitted the charges of prohibited contact with minors and unauthorized access of the internet, resulting in a custodial sentence of 4 months to be followed by 19 years of supervised release.  See ECF 52.  Howes's supervised release recommenced on August 31, 2024.

On March 5, 2025, the probation officer filed a second petition charging Defendant Howes with violating his supervised release conditions for 1) prohibited contact with minors and 2) untruthful statements to his probation officer.  See ECF No. 54. A preliminary hearing was held on March 18, 2025, before Magistrate Judge Claire, who found probable cause on Charge 2 (untruthful statements to the probation officer) and dismissed Charge 1 (prohibited contact with minors).  On March 21, 2025, Defendant Howes filed a motion to reopen the detention hearing, ECF No. 63, and on April 7, 2025, Magistrate Judge Claire denied Defendant Howes' motion at hearing because he failed to show by clear and convincing evidence that he is not a danger to the community.  The Court now reviews Magistrate Judge Claire's denial of the revocation of detention order.

## II.  OPINION

1.  Legal Standard

The Bail Reform Act authorizes a defendant to move the district court to revoke a detention order.  18 U.S.C. § 3145(b). The district court reviews a magistrate judge's detention order de novo.  United States v. Koenig, 912 F.2d 1190, 1191 (9th Cir. 1990).  In determining whether release is appropriate in a supervised release violation, the defendant has the burden of proving by "clear and convincing evidence that

1  [he] is not likely to flee or pose a danger to the safety of any
2  other person or the community if released." 18 U.S.C. §
3  1343(a)(1); Fed. R. Crim. P. 32.1.
4     B.   Analysis
5     Defendant Howes argues that the dismissal of Charge 1 in
6  the petition (unauthorized contact with minors) demonstrates
7  that he is not a danger to the public. See ECF No. 69, 2:5-9.
8  The Court disagrees and finds that the facts fall short of
9  showing his lack of dangerousness.
10    The facts elicited reveal that Defendant Howes repeatedly
11 visited Bayside Church despite knowing it was an area frequented
12 by children and despite multiple warnings from their Security
13 Services Team. See ECF No. 67, 11:13-13:1; 19:7-20; 21:12-22:2;
14 27:23-28:25; 36:1-20.  The facts also show that Defendant was
15 present at Bayside Church when children were present. Id.
16 Given the layout of the church building and the frequency with
17 which children use the church's facilities, Defendant Howes had
18 to walk through a group of minors to get to his meetings. Id.
19 On one occasion, he was contacted and escorted out a backdoor by
20 a member of the Bayside Church's Security Team to ensure he had
21 no further contact with the minors. Id. at 5:10-15, 13:12-14:2.
22 After this incident, Defendant Howes once again returned to
23 Bayside Church on February 27, 2025 where he was trespassed off
24 the property by the Placer County Sheriff's Office. Id. at
25 14:21-16:4. The Defendant then lied to his sex offender
26 therapist and probation officer about the February 20, 2025
27 incident. Id. at 32:19-33:21.
28    It has been less than one year since Defendant Howes was

previously found to have violated his conditions of release by having unauthorized and unreported contact with minors. See ECF 52. In a context where Defendant Howes has been non-compliant with his supervised release conditions and failed to be truthful with his probation officer on more than one occasion, the Court finds that Defendant Howes has not met his burden of showing that he is not a danger to the community.

### III.  ORDER

For the reasons set forth above, the Court DENIES Defendants' Motion for Revocation of the Detention Order.

IT IS SO ORDERED.

Dated: April 16, 2025

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE